NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SAM CLARK, *Appellant*.

No. 1 CA-CR 20-0615
FILED 3-1-2022

Appeal from the Superior Court in Mohave County
No.  S8015CR201901058
The Honorable Douglas R. Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1    This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Sam Clark advised this court that she has found no arguable question of law after searching the entire record and asks this court to conduct an *Anders* review. Clark was given the opportunity to file a supplemental brief but did not do so. This court has reviewed counsel's brief and the record and has found no reversible error. Accordingly, Clark's conviction and resulting sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2    We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Clark. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3    In May 2019, a Department of Public Safety Trooper stopped Clark while driving on Highway 95 in Mohave County, Arizona for a turning lane violation. Clark was the sole occupant of the vehicle and identified himself as Sam Clark. The Trooper smelled marijuana and conducted a search of the vehicle and Clark's person finding marijuana in the door and a glass pipe in Clark's pocket. Clark indicated that he kept a pistol under the passenger seat of the vehicle, which the Trooper located. The Trooper also found a bag containing ammunition and a small pill-style bottle. Also with these items were two zip-lock baggies. One baggie contained a substance later determined to be methamphetamine. When asked about the baggie, Clark said that he believed it contained either "meth or coke." Clark said that he had found the baggie a week or two earlier on the rear floorboard of his vehicle while working as a driver for Uber and Lyft. The bag of methamphetamine weighed about 1.4 grams—consistent with a usable amount.

¶4    Clark was charged with Count 1, Possession of Dangerous Drugs (Methamphetamine), a class 4 felony, and Count 2, Possession of

Drug Paraphernalia (Methamphetamine), a class 6 felony. At trial, Clark testified in his defense. Clark said he told the Trooper where items were during the stop. He testified he did not know what was in the bag, but he suspected it was something he needed to remove from the back of his vehicle where Uber and Lyft passengers rode. He further testified he drove Uber and Lyft daily with 50–75 passengers per day, and he found the baggie toward the end of a busy day, initially intending to dispose of it, but instead placed it out of sight with his ammunition and forgot about it. Clark denied stating that the substance was "meth or coke" and testified he told the Trooper it could be meth, coke, or rock salt.

**¶5**        The jury convicted Clark of Count 1, Possession of Dangerous Drugs, but acquitted him of Count 2, Possession of Drug Paraphernalia. The court sentenced him to four years supervised probation, 2 days in jail with time served, a mandatory minimum fine of $1,835, attorney's fees of $400, and reduced probation fees of $25 per month. Clark timely appealed.

## DISCUSSION

**¶6**        The record shows Clark was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3401(6) and -3407(A)(1). The sentence imposed was within statutory limits. S*ee* A.R.S. §§ 11-584, 13-701, -702, and -801. The award of presentence incarceration credit was accurate. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶7**        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Clark's conviction and resulting sentence are affirmed.

**¶8**         Upon the filing of this decision, counsel is directed to inform Clark of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Clark shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA